Burks, J.,
delivered the opinion of the court.
The court is of opinion, that the several writs of fieri facias, proceedings under which were enjoined by the judge of the circuit court of Wythe county, were irregularly and unlawfully issued.
*490 Every execution should conform accurately' to the judgment or decree which it is used to enforce. 1 There is a substantial reason for this requirement. Where the judgment or decree is satisfied by execution in the hands of an officer, the defendant is entitled, for his protection, to record evidence of the discharge. This evidence is not furnished by an execution, although duly returned' satisfied by an officer, which does not correspond with the judgment or decree.
The decree of the said circuit court in the suit of Harkrader & als. v. Snavely als., pronounced on the 21st day of December, 1876, confirmed the report of Commissioner English, which ascei’tained the several amounts due from the defendant, Snavely, and his sureties (the present appellants), to the plaintiffs, respectively; but it did not order the defendants to pay those amounts to the several plaintiffs, or give the latter any recovei’y against the defendants. On the contrary, in express terms, it ordered payment to be made to H. E. Harkrader, attorney in fact of Robert C. Harkrader, and foreign guardian of the infant plaintiffs, and “ conservator ” (committee) of E. E. Hai’krader.
It would seem clear that on this decree, as it oi’igin ally stood, as to these several amounts, only one execution could have been issued, and that in the name and on behalf of H. E. Harkrader for the aggregate of the several sums ascertained by the commissioner’s report. Indeed; the decree expressly provides that “the said H. E. Hai’krader has leave to sue out his fieri facias against the said defendants for the amounts decreed him.” If there be any doubt as to whether only one execution could have been sued out for the aggregate of the sums fixed by the report, or separate executions for the several amounts, still, in either case, the execution or executions must have been in the name and on behalf of H. E. *491 Harkrader, to whom, and to none other, payment was ■ordered to be made.
On appeal, this decree was partially reversed by the decree of this court rendered on the 25th day of September, 1877. It was expressly reversed and annulled, so far as it directed the appellants (Snavely and others) to pay over to the foreign guardian, H. E. Harkrader, the sums respectively found due to the appellees by the report of Commissioner English; and it was provided, that the said H. E. Harkrader, the foreign guardian, should have leave to file his petition in the said circuit, court, after due advertisement as prescribed by the statutes, and upon such petition so filed, the said circuit court should decree to be paid over to him the several amounts respectively due from the former guardian, Snavely, as already ascertained by said report of Commissioner English.
The decree of the circuit court gave costs jointly in favor of the plaintiffs against the defendants. As to these costs, the language of the decree aforesaid of this courtis as follows: “And it is further decreed and ordered, that said circuit court shall, through one of its commissioner’s, ascertain what proportion of the costs were incurred in taking evidence in reference to the sale of said infants’ real estate, and of the evidence certified from the state of Illinois as to the qualifications of said foreign guardian, and the costs of printing the same, and such costs so ascertained shall be, upon a final decree, decreed against the said H. E. Harkrader.”
How, under this decree, it is manifest that no execution could be properly sued out by any party without the further action of the circuit court. The infants, as already seen, could not rightfully sue out executions, because no money was decreed to be paid to them, and H. E. Harkrader, the foreign guardian, could sue out none, because the decree, so far as it ordered payment to be made to *492 him, was i’eversed and annulled, and a further decree by the circuit court was required before he could lawfully receive anything. And as to the costs, the decree of this court would seem to contemplate a postponement of payment until the enquiry directed by this court should be ordered and made.
The court is further of opinion, that although the appellants had their remedy by motion to quash the executions, which motion, under the statute (Code of 1873, ch. 183, § 40), might have been made, after reasonable notice, as well before the judge of-the said circuit court in vacation as before said court in term; yet this remedy, under the circumstances of this case, was inadequate, and therefore the injunction was proper.
Every court has a perfect right to watch over the execution of its judgments, and where its process has been irregularly or fraudulently used, to quash it, as being the best and speediest mode of doing justice. Hendricks & Taylor v. Dundass, 2 Wash. 50.
Of whatever form the writ of execution may be, it must conform to the judgment; and if it does not, it will be quashed on motion. Herman on Executions, § 403, pp. 619, 620, citing Reese v. Burts, 39 Geo. R. 565.
When the statute law authorized the issuing executions on decrees, it clothed the courts of chancery with the power of watching over such process and correcting any abuses arising under it, to the same extent and by the same means that courts of law use. Carr, J., in Windrum v. Parker & als., 2 Leigh, 361, 367. And in deciding upon all questions in respect to executions on decrees, the courts of chancery are bound to abide by the common law and statutes respecting executions at law. Green, J., S. C. 369.
The motion to quash, as provided by our Code, ubi supra, must be “ after reasonable notice,” and such no *493 tice, whatever may be the grounds on which the motion is based, does hot of itself suspend the execution of the writ. Hermon on Executions, § 405, p. 621, citing cases from Alabama, Louisiana and Mississippi.
The executions in this case were issued on the 10th day of October, 1877, and were returnable on the 3d day .of December following, which was the first day of the then next term of the circuit court of Wythe county. The bill of the appellants charges that the TIarkraders (the plaintiffs named in the executions), “are all nonresidents.” This allegation of the bill, on the motion to dissolve the injunction without answer, must be taken as true. Notice of the motion to quash could have been served only by publication thereof once a week for four successive weeks in a newspaper published in this state. Code of 1873, ch. 163, § 2. Before the motion, therefore, could have been regularly made, the apprehended mischief under the executions might have been accomplished ; the property of the appellants might have been seized and sold under process irregular and illegal. It is no answer to this view to say that the indebtedness of the appellants was ascertained and fixed by the report of the commissioner which was confirmed by the decree, and that, therefore, the appellants could not.be injured by executions compelling payment. Although the amounts due were definitely ascertained, there was no order in the decree, as modified by this court, for payment, and without such order, or what is equivalent thereto, there could be lawfully no execution to compel payment. An order to pay, or recovery in some form, is an essential prerequisite to an execution to compel payment.
In Shackelford v. Apperson, 6 Gratt. 451, it was held by this coui’t, Judge Bald-win delivering the opinion, that the excution in that case having issued irregularly and unlawfully, it was competent for the court to quash it in term time, or for the judge in vacation to restrain pro *494 ceedings upon it by an injunction Órder. The remedy resorted to in that case was a bill with injunction. The court below, by its decree, had dissolved the injunction and dismissed the bill. The decree was reversed and the bill and injunction ordered to be reinstated.
At the date of that decision there was no statute authorizing a motion to quash an execution to be made before a judge in vacation, but if there had been such a statute, as there now is, the decision would doubtless have been the same, if it had appeared, as in this case, that notice of the motion could not have been given in time to make the remedy effectual.
In this case notice to the sheriff, as we have seen, would not of itself have suspended the execution of the writs in his hands, and hence the necessity of the injunction to restrain him.
The court is therefore of opinion, that the decree of the said circuit court, in so far as it adjudges and orders that the injunction theretofore awarded be dissolved as to all the executions in said decree mentioned, except the execution for costs, is erroneous, and should to that extent be reversed and annulled. The said circuit court should have wholly overruled the motion to dissolve said injunction as to all the executions mentioned in the decree. So much of said decree, therefore, as has been declared to be erroneous, must be reversed and annulled, and the residue thereof affirmed, the injunction, to the extent it was dissolved, be reinstated, and the cause remanded for further proceedings to final decree in conformity with this opinion. ' •
The decree was as follows:
This day came again the parties by their counsel, and the court having maturely considered the transcript of the decree aforesaid and the argument of counsel, is of *495 the opinion, for reasons stated in writing and filed with the record, that the several writs of fieri facias in the said decree mentioned, proceedings whereon were restrained by the injunction order made by the judge of said circuit court, were irregularly and illegally issued. The court is further of the opinion that, although the appellants had a remedy by motion to quash the said executions, yet this remedy, under the circumstances of this case, was inadequate, and therefore they were entitled to file their bill, and to the injunction awarded thereon to enjoin, inhibit and restrain the appellees from all further proceedings on said executions.
. The court is therefore of the opinion, that the said decree of the said circuit court, to the extent that it dissolves the said injunction, is erroneous. The said circuit court should have wholly overruled the motion to dissolve the said injunction, not only as to the execution for costs in said decree mentioned, but as to all the other executions therein mentioned; it is therefore decreed and. ordered, that the said decree of the said circuit court, so far as the same is hereinbefore declared to be erroneous, be reversed and annulled, and the residue thereof be affirmed; and that the appellees pay to the appellants their cost by them expended in the prosecution of the appeal aforesaid here. And the cause is remanded to the said circuit court, with directions to reinstate the said injunction so far as the same has been dissolved by the decree aforesaid, and for further proceedings in the cause to a final decree in conformity with the opinions and principles herein expressed and decreed; all of which is ordered to be certified to the said circuit court of Wythe.
Decree reversed.